IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINT SMITH and WENDY KING, | : | |
| | : | 3:09-cv-1743 |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. William T. Prince |
| RICHARD PALLMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

July 7, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge William T. Prince (Doc. 33), filed on June 16, 2010, which recommends that we grant the Defendants' motion to dismiss the Plaintiffs' second amended complaint. (Doc. 24). Plaintiffs Clint Smith ("Smith") and Wendy King ("King") filed objections to the R&R on July 6, 2010. (Doc. 34). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant the Defendants' motion to dismiss and close this case.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs instituted this action on February 24, 2009 by filing a complaint in the United States District Court for the Eastern District of Pennsylvania, alleging employment discrimination and retaliation. On May 14, 2009, Plaintiffs filed an amended complaint. On August 7, 2009, this case was transferred to the Middle District of Pennsylvania and was assigned to our former colleague the Honorable Thomas I. Vanaskie on September 9, 2009.

Without seeking leave of court or of the Defendants, Plaintiffs filed a second amended complaint on December 17, 2009. (Doc. 19). The second amended complaint names as Defendants Richard Pallman "in his Individual Capacity, Executive Director, United States Department of Agriculture, Farm Services Agency," and Thomas Vilsack, in his "Official Capacity as Secretary, United States Department of Agriculture."[1]

Plaintiff Smith brings a *Bivens*[2] claim against both Defendants, alleging that they constructively terminated him from his employment him in retaliation for engaging in protected activity in violation of the First, Fifth and Fourteenth Amendments. Plaintiff King brings claims under the Americans with Disabilities

---

[1] Magistrate Judge Prince correctly treats Plaintiffs' claims against Pallman though they were asserted against hm in his official capacity, inasmuch as suing Pallman in an individual context for acts taken in his official capacity is inappropriate.

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Act ("ADA") and the Rehabilitation Act, alleging that the Defendants terminated her in retaliation for engaging in protected activity, namely seeking a reasonable accommodation for her disability and "protesting the defendants' bias[ed] employment practices."

On January 29, 2010, Defendants filed a motion to dismiss or alternatively for summary judgment, indicating, in the supporting brief, their acquiescence to the filing of Plaintiffs' second amended complaint. On May 18, 2010, Judge Vanaskie referred the pending motion to dismiss to Magistrate Judge Prince for the preparation of an R&R. (Doc. 32). Thereafter on June 10, 2010, this matter was reassigned to the undersigned as a result of Judge Vanaskie's elevation to the United States Court of Appeals for the Third Circuit.

As noted, Magistrate Judge Prince issued an R&R on June 16, 2010, to which the Plaintiffs have lodged objections.

## II.  STANDARDS OF REVIEW

### A.  Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may

accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. F.R.C.P. 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 120 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that

constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

## III. DISCUSSION

### A. Summary of the R&R

#### 1. Recommendation on Smith's Claims

Magistrate Judge Prince recommends that Smith's *Bivens* claim be dismissed because his claim is preempted by the Civil Service Reform Act of 1978 ("CSRA") since his cause of action arises out of his status as a federal employee. As Magistrate Judge Prince correctly notes, the United States Court of Appeals for the Third Circuit has held that the CSRA "affords the exclusive remedy for damages claims of federal employees seeking redress for alleged constitutional violations arising out of the employment relationship." *Sarullo v. United States Postal Service*, 352 F.3d 789, 795 (3d Cir. 2003)(citing *Mitchum v. Hurt*, 73 F.3d 30, 34-35 (3d Cir. 1995)). Further, courts in our sister circuits have applied the CSRA's pre-emptive effect to both equitable as well as legal claims. *See Berrios v. Dep't of the Army*, 884 F.2d 28, 31 (1st Cir. 1989)(finding plaintiff's claims for reinstatement and back pay preempted).

#### 2. Recommendation on King's Claims

Magistrate Judge Prince recommends that Plaintiff King's claims be dismissed because King failed to exhaust her administrative remedies. Magistrate Judge Prince notes that a complainant must contact a counselor within forty-five

days of the effective date of the discriminatory matter or personnel action triggering a complaint, and that King contacted an EEOC counselor thirteen days after the lapse of the forty-five day window. Magistrate Judge Prince thus concludes that King has failed to exhaust her administrative remedies as required, and accordingly this Court does not have jurisdiction to hear her ADA and Rehabilitation Act claims.

### B. Objections to the R&R

Plaintiffs lodge several objections to the R&R, none of which are meritorious.

First, Plaintiffs argue that it was error for Magistrate Judge Prince to apply the F.R.C.P. 12(b)(6) standard of review to Plaintiffs' claims over the summary judgment standard contained in F.R.C.P. 56. However, as noted above, Defendants' motion was a motion to dismiss and <u>alternatively</u> sought summary judgment. Magistrate Judge Prince appropriately determined it appropriate to review the claims on Rule 12(b)(6) grounds inasmuch as the parties did not file statements of material fact relative to the motion. There was simply no error made by Magistrate Judge Prince in declining to review the Plaintiffs' claims under Rule 56.

Next, Plaintiffs argue that it was error for Magistrate Judge Prince to recommend dismissal of this action without "following the discovery procedure outline under Fed. R. Civ. P. 26." (Doc. 34, p. 7). The Court is aware of no mandate that requires us to allow the taking of discovery before dismissal can granted by the Court, nor have the Plaintiffs provided one to the Court. Thus, this objection is overruled. Further, and most notably Plaintiffs' contention that they should be permitted "limited" discovery does not save their claims. As noted, Plaintiff Smith's *Bivens* claim is clearly preempted by the CSRA. Plaintiff King's claim fails because she did not exhaust her administrative remedies. No amount of discovery, even if permitted, will cure either of these fatal defects to the Plaintiffs' claims. Discovery would be futile and simply serve to delay the inevitable, which is dismissal of the claims.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the objections of the Plaintiffs are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.